(55 South. 772.)

No. 18,495.

OPELOUSAS NAT. BANK v. FAHEY et al.

(June 15, 1911.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 169*)—MORTGAGES OF WIFE—VALIDITY—CONSIDERATION.

Where a wife not properly authorized executes a mortgage on her property, the mortgage will be held good where it is shown that the consideration for which the mortgage was given inured to the benefit of her separate estate. However, the burden of proving that the consideration inured to the benefit of the wife's separate estate will be upon the mortgagee even where the mortgage is questioned by a subsequent mortgagee.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 660–670; Dec. Dig. § 169.*]

2. MORTGAGES (§ 186*) — CONSIDERATION — RIGHTS OF THIRD MORTGAGEE TO QUESTION.

A third mortgagee cannot question the consideration given by the second mortgagee when the latter had made a prima facie showing of consideration when no fraud nor unfair preference has been shown.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 186.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; W. J. Sandoz, Judge ad hoc.

Action by the Opelousas National Bank against E. M. Fahey and others. The Washington State Bank and T. C. Gibbons intervened. From the judgment, the Washington State Bank appeals. Affirmed.

Lewis & Lewis, for appellant Washington State Bank, Intervener. Garland & Harry, for appellee and intervener.

BREAUX, C. J. The Opelousas National Bank, judgment creditor of Mrs. Franklin in execution of its judgment, had property of defendant sold at sheriff's sale, and from the proceeds realized the amount to which it was entitled under the judgment.

The property sold for $11,700.

There was an amount of $2,300.05 over and above the sum collected by the judgment creditor.

There were three mortgages on the property—one due to the judgment creditor, whose claim is satisfied as stated.

The second mortgage in rank was one executed in favor of T. C. Gibbons, third opponent; and the third mortgage is held by the Washington State Bank.

The last-named bank, although third in rank, urges that the furnisher of lumber has a privilege upon the buildings and other improvements and the lot of one acre or less on which they are constructed and not upon a whole field or tract of land as here claimed, and that it must be recorded as required by law in order to have effect against third persons.

The other proposition of the bank, third opponent, further is that a married woman cannot contract debts for her separate benefit and bind her separate property.

We will dispose of these two propositions at this time with the statement that, however true they are when the facts justify their application, they are not controlling in the present case, for the third opponent who holds the mortgage second in rank has a mortgage duly recorded, the consideration of which is:

"Lumber to be used and which was used on the said plantation herein described and that the purchase of said lumber enured to the benefit of the said Elizabeth M. Fahey."

While it is true that in his first petition he had inadvertently omitted to ask for recognition and enforcement of his mortgage, in his supplemental petition he asked, in case his privilege as furnisher of materials was not recognized, for the recognition and enforcement of his mortgage.

The said bank, the purchaser of the property, intervened and opposed the claim of Gibbons on the ground that the note and mortgage declared upon by him were null and void because executed by the defendant, the seized debtor, a married woman.

It avers that she was not authorized by the judge.

The bank also took issue with Gibbons in regard to the privilege or right of preference of any kind upon the proceeds of the sale, and urged, further, that any indebtedness that had been due him by the defendant had been paid and extinguished.

The judge of the district court in his judgment recognized both Gibbons' special mortgage and the privilege which he claimed, and ordered the sheriff to pay him by preference and by privilege the sum claimed and attorney's fee out of the proceeds of the execution.

We will consider the preference on the proceeds in virtue of the privilege set up by Gibbons.

We will refer to it later.

Just at this time we will take up the question of mortgage vel non.

[1] The Washington State Bank concedes that, although a mortgage is lacking in the forms provided by law for want of the judge's certificate, it may be made effective by evidence showing that the consideration inured to the wife's separate benefit.

[2] The contention of the bank here is that the evidence did not sustain the third opponent, Gibbons', contention regarding the consideration of the mortgage.

But we are of opinion that evidence does show that it inured to the wife's benefit.

It is true that he has the burden of proof.

In our view he (Gibbons) has sustained the burden of proof, and he has affirmatively shown that the mortgage was for the benefit of the wife.

To restate the proposition.

The note and mortgage held by Gibbons, third opponent, is binding upon the wife.

If the amount be not due by her, then it is not due by any one, for it does not appear that any one else owes the amount.

Surely the evidence does not show that it is due by the husband or by the community.

Beyond question, the lumber sold was used in improving the plantation of defendant.

Gibbons states as a witness that the defendant acknowledged the correctness of the account and executed the notes he holds for the amount of the lumber due.

Part of the lumber was sold at a time preceding the marriage of defendant.

As to the community, it is non est as it has been dissolved and brought to a close by a judgment of the court of separation of property between the husband and wife.

It is not shown that the husband owned any separate estate.

Still the wife ordered the lumber to be shipped from the mill of the third opponent.

Upon her order it was delivered and carted to her plantation. It has been used in the construction of over 20 houses on defendant's place and in the building of a bridge.

These improvements, we are informed, were made with cypress lumber, most of them at any rate.

There was a sawmill on the place constructed by defendant's husband to saw hardwood.

Beyond the testimony that the purpose was to saw hardwood, and that the intention in erecting the mill was the improvement of the place, there is not a word of evidence to show that this purpose was carried out in any way, or that one stick of hardwood lumber was used in putting up the tenement houses and other improvements.

The judge of the district court heard the testimony. It presented in the main a question of fact, which he has decided, as we think, correctly.

Although the affirmative was with the wife, it was necessary to make it a prima facie case to prove an indebtedness.

This, it occurs to us, third opponent has succeeded in doing.

The president of the bank, who is also an opponent, does not particularly deny the indebtedness. His evidence is rather confirm-

atory of the claim of the opponent, Gibbons.

The amount due is not large. The principal is less than $500, and a few years' interest, as well as attorney's fee.

It required no considerable number of feet of lumber to amount in price to that sum.

When plaintiff shows by evidence that he has executed orders, as he testified, it would be difficult to conclude, without evidence to the contrary, that the mortgage was without consideration.

There is this again. The Washington State Bank is third in rank. Its claim is subsequent in date to that of Gibbons, third opponent.

The bank seeks to sustain the position that this mortgage is without consideration.

When it took the third mortgage, the second mortgage was of record.

[3] A creditor, second in date, is not in a position, when no fraud has been shown or preference of any kind, to question, if there is a prima facie showing of consideration, the consideration of the mortgage preceding his own.

We have arrived at the conclusion that the mortgage of third opponent, Gibbons, should be maintained.

Now, as to the privilege before stated for lumber used on the place:

It is equally as evident that a prima facie case has been made; that defendant has received lumber and made use of it as before stated.

Although it may be that because the property has not been segregated, sold separately, that the privilege is lost.

But it is different as relates to the mortgage. If there was consideration, plaintiff should not recover amount due by the wife, although for reasons stated it may not be possible to obtain a recognition and enforcement of the privilege.

The consideration of the mortgage, none the less, remains.

For reasons stated, the judgment appealed from is affirmed.